By the Court.

Xhis is an appeal from, the court of the first district: a final judgment having keen rendered there, in this suit, which was in-_ _ ’ stituted in the Superior Court of the late Terri-tor-v’ *n which an injunction had been obtained against the defendants, the present appellants, restraining them from the collection of a certain tax or toll, of two dollars, which they attempted to levy, in pursuance of an ordinance of 'the City Council, on all vessels for the passage of which it should be necessary to raise die portcullis, or drawbridge on bayou St. John, which had been *219 previously built by the Corporation of the City of New-Orleans,'. as permitted dr required by an act of the Territorial Legislature.
In the statement of facts made out bv the coun- ^ sel for both parties, it appears that there are many which do not relate to the points for our consideration ; as we conceive, from the best reflection, which we have been able to give to the subject, that the only circumstance, in the cause, which requires the opinion or decision of the court, is the right or authority of the City Council to impose and collect the tax Or duty complained of by the plaintiffs, the present appellees.
The legislative power of the State or Territory, in creating inferior political bodies, such as the Corporation of the City of New-Orleans, may authorise them to exercise the powrer of taxation. But this must be done according to the provisions of the act of incorporation. And, as in the act of incorporation of the city of New-Orleans, the legislature has specified the objects liable to be taxed, and the extent to which the authority of the City Council exists, viz. to the levying taxes on real and personal property, within the limits of’ the city, they ought to be confined to these objects and limits alone; ancT as the objects of the taxation complained of by the appellees, are not embraced in the authority granted, the tax must be *220 considered as an oppressive and illegal one, against which they ought to be relieved.
Th £ counsel for the appellants, in the course of his argument, appeared almost to assent to the want of power in the corporation of the city to impose and collect the tax or toll, as attempted by this ordinance, on persons passing the portcullis ; or at least Urged the right very faintly : but insisted that this court might and ought so to modify die judgment of the court below, as to authorise the collection of the one dollar imposed by an act of the Territorial Legislature in 1808, which, in his opinion, does nothing more than to secure,a right to this duty on vessels entering the bayou, as imposed by-the Spanish Cabildo, under the Baron de Carondelet. Bat this court, as before expressed, is of opinion, that it is incorrect to examine any question in this cause, except the authority of the City Council to impose and collect the tax complained of. When they shall attempt to collect the dollar tax, on vessels entering the bayou, under the right granted by the Territorial Legislature, or any other right ; it will be the proper time, to consider how far these claims are barred by the adjudication of the late Superior Court on that subject, and if not to investigate and determine their rights, on just and legal principles. See Blanc & al. vs. Mayor &c. 1 Martin, 120.
*221 It is ordered that the judgment of the District Court be affirmed, with costs.